105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Karen HORNING, a/k/a Karen Hoffman, a/k/a Andrea Maltese,
Defendant-Appellant.
 No. 95-10165.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1996.*
Decided Dec. 23, 1996.
 
 1
 Before: REINHARDT and RYMER, Circuit Judges; TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Karen Horning, proceeding pro se,[1] appeals her conviction for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a). The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 4
 * Horning argues that her counsel was ineffective in not providing a psychiatrist who was an expert in LSD-related mental illness to examine Horning and to review the government report finding her competent to stand trial, and in endorsing Horning's motion to represent herself. However, "the customary procedure for claims of ineffective assistance of counsel in federal criminal trials is by collateral attack on the conviction under 28 U.S.C. § 2255." United States v. Johnson, 820 F.2d 1065, 1073 (9th Cir.1987). Typically, habeas is a more appropriate route because the record on direct appeal "often lacks a sufficient evidentiary basis as to what counsel did, why it was done, and what, if any, prejudice resulted." United States v. Quintero-Barraza, 78 F.3d 1344, 1347 (9th Cir.1995) (internal quotation omitted), cert. denied, 117 S.Ct. 135 (1996). Consequently, we decline to consider the merits of Horning's ineffective assistance claim.
 
 
 5
 Horning's argument regarding counsel's ineffective assistance in endorsing her motion to represent herself appears to include an assertion that she should not have been allowed to waive her right to counsel pursuant to Faretta v. California, 422 U.S. 806 (1975). Under the circumstances, that claim, too, is best addressed on habeas.
 
 II
 
 6
 Horning contends that the district court abused its discretion in denying her second pre-trial motion for a continuance and in dismissing a juror who was late on the second day of trial. We disagree.
 
 
 7
 * After granting one continuance and ordering ten hours of weekly law library access, Chief Judge Henderson refused to grant a second continuance on grounds that Horning was intentionally engaging in dilatory practices in order to postpone trial. Even though Horning claims that arthritis impeded her ability to work quickly and that the allotted hours were insufficient to permit completion of her research, we cannot say that the district court abused its discretion in light of the time that was allowed, the nature and complexity of the trial, and the reasons for delay. See United States v. Gonzalez-Rincon, 36 F.3d 859, 865 (9th Cir.1994), cert. denied, 115 S.Ct. 1323 (1995). In any event, Horning has not demonstrated how the denial of a second continuance prejudiced her defense. See id. at 865-66. She apparently wanted time to file motions to dismiss for outrageous government misconduct and selective prosecution of fans of the rock band The Grateful Dead, but, as the district court observed, the motions as proposed lacked substance.
 
 B
 
 8
 We review the district court's decision to replace a juror who was late for the second day of trial for an abuse of discretion. United States v. Alexander, 48 F.3d 1477, 1485 (9th Cir.), cert. denied, 116 S.Ct. 210 (1995); see also Fed.R.Crim.P. 24(c). The court was justified in dismissing the juror and replacing her with an alternate because the juror, before trial began, asked to be excused due to anxiety; during the first day of trial, she passed exhibits on to other jurors without looking at them; and the trial was too short to accommodate one juror's being late.
 
 
 9
 Horning's contention that she was denied a jury of her peers because the replaced juror was the only African-American woman and the only young person on the jury fails because, as the court found, Horning is not African-American and the alternate was a woman nine years younger than the dismissed juror. Nor was Horning prejudiced by the court's brief discussion with the replacement juror about her age, as that had nothing to do with the issues at trial.
 
 III
 
 10
 Horning submits that the district court lacked jurisdiction over her under the principles of the constitutional common law, as established by the Constitutional Court of We The People. She also contends that the district court violated Rule 12(g) of the Federal Rules of Criminal Procedure in summarily denying her jurisdictional challenge without citing supporting case law. We disagree.
 
 
 11
 It is clear that the district court had original jurisdiction over the defendant under 18 U.S.C. § 3231, as Horning was accused of an "offense[ ] against the laws of the United States." Nor does Rule 12(g) of the Federal Rules of Criminal Procedure require the trial judge to state supporting authority for every ruling made. Here, the proceedings were properly recorded and the court issued a written order denying Horning's "Constitutional Common Law Jurisdictional Challenge." There is no error.
 
 IV
 
 12
 Horning raises a number of other issues, argued for the first time on appeal, most of which are wholly without merit. Her claim of selective prosecution of Deadheads (fans of the rock band The Grateful Dead) fails under United States v. Armstrong, 116 S.Ct. 1480, 1487-89 (1996). Outrageous government conduct arising out of the government's paying the informant who facilitated her arrest is foreclosed by United States v. Cuellar, 96 F.3d 1179, 1183 (9th Cir.1996). The Double Jeopardy Clause is not implicated because Horning has not identified any other prosecution for the same conduct. Finally, Horning challenges the constitutionality of the federal drug statute itself on a number of grounds, but cites no authority that supports her challenge. Horning also asserts, however, that the statute as applied to Deadheads conflicts with the constitutional guarantees ensured by the Religious Freedom Restoration Act of 1993, 42 U.S.C. 2000bb et seq. ("RFRA"). Although she sought to file a motion for selective prosecution of Deadheads, she did not assert her rights under RFRA as a defense or otherwise raise the RFRA issue in the district court. 42 U.S.C. 2000bb-1(c) (burden on religious exercise may be asserted as a claim or defense in a judicial proceeding). Because establishing such a claim or defense involves a number of factual questions, we do not consider the issue when raised for the first time on appeal. We note, however, that the act underlying Horning's conviction was the sale of prohibited substances to a confidential government informant.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Horning's opening appellate brief was filed by counsel, she filed two supplemental briefs pro se, and, pursuant to her indication that she wished to proceed pro se on appeal as she had at trial, was allowed to do so